your position that your client did not knowingly and voluntarily plea in this case or is it your position that it's a conditional plea? I mean it's it's a close call as far as I read the cases and I understand what the court's concern is because yeah as things turned out obviously there was a problem with the way everybody in court understood what was going on as far as the BGG case which you're familiar with because I think you were on the actual panel at the time and so for guidance we obviously have to look to the cases of Pierre as well as Ochoa and both of those cases talk about basically what those can concentrate on is the actual prosecutor and I believe your Honorable Jordan was on involved with the Pierre case as one of the prosecutors or involved in in some way in the appeal and I believe that the case itself what they look to is the acquiescence of the prosecutor in the court. I thought that in the Pierre case that when Judge Edmonton wrote that case the holding specifically said that we held that the government had to expressly consent and so I guess my concern is that when you read both the plea colloquies because after the plea colloquy happens there's a discussion among the attorneys and Judge Altman about there is this case out there which at the time had not been argued yet but it was out there and the understanding was that there would be a that if the court I guess ruled and said that the statute of limitations was a problem that then the government would agree to vacate the plea and I guess dismiss the charges but that's not an express agreement to allow the party to appeal a particular issue and so that's the concern I'm having and then when you read the the sentencing hearing the discussion again is on the fact that you know the court had not yet ruled on the appeal but there isn't a specific or understanding that that was going to be an appealable issue it just was that you you guys were going to wait for the court to rule on this particular case that was out there. I think that's probably inaccurate the problem is we like clairvoyance we didn't know what was going to happen with BGG and it seemed a certainty that BGG would handle the issue one way or the other and what I discussed with Mr. Barfield it will now because Judge and so now it's it's uh it's coming back which is actually helpful to us because it puts us back in the same posture we which we were before we we agreed whatever happens is beat with BGG is what's going to happen with this case so and that's what the discussion was with myself and Mr. Barfield and then what we did problem but the problem here is that an unconditional plea waives all non-jurisdictional defects including statute of limitations you've got to argue as Judge Lagoa was asking you that in this case this really amounted to a conditional plea right yes your honor in order to establish though that it is a conditional plea you've got to meet the requirements of the rule rule 11a2 of the federal rules of criminal procedure say that with the consent of the court and the government a defendant may enter a conditional plea of guilty reserving in writing the right to have an appellate court review and adverse determination of a specified pre-trial motion the problem as I see it for your argument here is that you did not comply with the requirements of the rule there's no writing in this case reserving specifically this issue or any issue how do you get around the unequivocal requirement that a conditional plea be in writing when there's not only nothing in writing but the one plea agreement we do have unambiguously says this is paragraph 10 this is the entire agreement and understanding between this office and the defendant there are no other agreements promises representations or understandings well your honor is correct there was nothing specifically in writing but the representations that were made in order to get my client to plead were as such that we would go through the plea we would do a standard plea agreement no but no appellate waiver and that we would then put on the record as part of the plea exactly and it was actually mr barfeld that did most of the talking and he said that he would handle it right but that's why i asked you then is it your position then that because you haven't made the argument in your briefs and that's why i'm asking this question is it your position then that it was not a knowing and voluntary plea because in in pierre obviously we remanded right and vacated and allowed the defendant to um go back to point one but i assume that the government would say point one would mean that we would reinstate all the counts and it would not just be a uh your client would then be facing you know seven counts as opposed to one count so that that's kind of the hobbsian choice i'm asking you which one is it that would be my position unless the court finds an exception under pierre and a show-up because like i said pierre and a show-up concentrated on the prosecutor's actions and acquiescence and in this case here you have specifically the prosecutor accepting these conditions as part of the plea the court accepting it and the court acknowledging it and says i accept and i agree i agree and then asking the defendant mr sanfilippo mr sanfilippo was completely under the impression that yes the asked him specifically is there anything else i mean part of the agreement is there anything else that was promised to you and the answer was no so but that contradicts what he asked him after and the whole thing that we do i understand that that's why i'm asking these questions which is it if if it's not a conditional plea it's not in writing and there's no express agreement by the government then the question is are you asking this court to remand and to have the sentence vacated so that your client could then face the original uh superseding indictment right that's what i would do that's what i would ask uh in in relation to pierre and as well as a show-up that's the desire of this court can you help me with the argument i'm not sure that i understand the thrust of the argument on this issue of waiver is it your argument that in essence this was a conditional plea or is it your argument that the plea itself whether conditional or unconditional was not entered knowingly intelligently and voluntarily it was not it based on the the the facts as they played out it was not entered knowingly intelligently and voluntarily because of the way the facts played out regarding bgg that you know like i said we weren't clairvoyant we didn't think or even believe at any moment that this court was going to rule on the technicality and not rule on the primary issue of the um the fifth amendment and the indictment and as well as the statute of limitations so let me take a couple of minutes to address the substantive sure argument and we'll give you all of your time for rebuttal right thank you your honor i just the other part is i you're very familiar with the facts of this case basically they were using indictment i mean information to get around the filing of an indictment because they didn't have grand juries there were other workarounds in other districts that were working fine this situation involves the distinguishing the cases of brutz donna as well as um and then applying jayvin which was a supreme court case jayvin clearly defines um what the word uh institute means as effectively begin a process and goes through great length and and and basically the reason this court should reject verdicts which is the seventh circuit case which is obviously not binding but should reject it because it basically treats jayvin in a footnote basically saying oh well that was different statute so we're not going to apply it but once the supreme court has defined a word it should be followed in that fashion it doesn't mean simply to file it can't the word file in title 18 appears 3086 times the you know the legislature knows how to use the word file when they use the word institute it means something other than file so in that case i think it's clear that jayvin is the controlling case here and jayvin means the information filed in this case has absolutely no validity because of the fact that it a waiver in fact bars even jurisdiction from the court which is the way judge middlebrooks actually i believe did correctly in this case when they moved to dismiss the information this time he says no i don't have jurisdiction i'm not going to dismiss it all right so let's let me play devil's advocate if if an information is filed without a waiver of indictment and a defendant later executes a waiver of indictment does that resuscitate the information that it was of no effect earlier on it it well it wouldn't have the effect until it's it's waived right that's what i would say in other words it's it's dormant it's nothing it's the way it works is like it's the the waiver is a scenic one on of the information that's the that's required under rule seven if you don't have that then it's void i've been issue but otherwise if you able to keep it just filed and then later on set a hearing and it's waived in open court then it's valid okay okay mr thing is thank you very much we'll give you your full time for rebuttal great thank you your honor thank you miss mariani good morning your honors and may it please the court i'm assistant united states attorney nicole mariani appearing on behalf of the government this court can reject san filipo's argument for plain language of section 3282a and rule 7b it is wrong and under the principles of equitable tolling it is of no moment accordingly the government requests that this court either dismiss san filipo's appeal or affirm his conviction um as judges marcus and lagoa pointed out rule 11a2 has very strict requirements for when a plea is conditional under that rule a conditional guilty plea is permitted only if three things happen before the defendant pleads guilty well let me ask you a question though before you proceed um you're correct about rule 11a the question i have is it's it's clear that there was some understanding among the parties between the government and mr dominguez and his client about the the this pending appeal that the court had that dealt with at the time what they thought was the same issue they didn't realize that there was a different error that the court you know ruled under um but how can we then say that the plea was knowingly uh intelligently and voluntarily entered into if there was this sort of understanding um at least implicit in the plea plea uh colloquy and in the sentencing um absolutely your honor and at the beginning of that point one point i just wanted to make about this sort of the idea that the plea was not entered into knowingly and voluntarily this is the first time that mr san filipo's really argued that point he didn't argue it in any of his briefs under this case laws in jernigan i believe he has abandoned the argument but if he has not abandoned the argument i think we have to go back and look at what was occurring before he pled guilty and before judge altman accepted his guilty plea at that point he has this unconditional written guilty i'm sorry written plea agreement where he states that it is the full understanding between himself and the government and that there are no other understandings representations agree i understand that but in pierre um they had the same plea agreement and this court still said it it decided that um based on the discussion between the parties that the plea obviously was not knowingly and intelligently entered into and therefore uh vacated it and sent it back to the to the district court and so it seems to me that that isn't not necessarily that could potentially be the issue here you're absolutely correct your honor i think one difference between pierre and this case is that you have in cases in pierre and some of the other cases there's still record during the plea colloquy about that the defendant is planning to appeal the defendant's going to appeal the district court is talking about how the defendant is going to appeal this issue our case is a little bit different during the entire plea colloquy before mr sanfilippo pled guilty there's no mention of an appeal he repeatedly states not only that he signed the plea agreement the district court reads part of the agreement to him and he confirms that that is he understands it he went over it with his counsel it is the full agreement with the agreements at this point after the district court accepts the guilty plea then they begin having this conversation about bgg afterwards and maybe he can withdraw the plea and then there's conversations later at sentencing but throughout those conversations at no point does anyone talk about mr sanfilippo taking an appeal in his own case and at no point does anyone raise their hand and say wait a second we were confused we want to raise this issue on appeal we think our appeal isn't knowing and voluntary and then it wasn't argued in the briefs so that is how i think it's distinguishable from cases like pierre patty ochoa and armstrong can i turn you to the merits of course can let's start with sort of the easier stuff can the government file something called an information devoid of content that will toll the statute of limitations i do not believe so your honor because in order to file an information we still have to comply with the federal rules criminal procedures drafting requirements and also sort of to i think move to where you're going what happens when we file the information and it tolls the statute of limitations if the defendant then declines to waive his right to prosecution by indictment sorry declines to assert yeah to waive his right to prosecution by indictment then the information is dismissed what the government can bring in its place that indictment must use those same charges we can't suddenly add new charges and rebuild our case and grow it so if we had submitted an information as you posed in your hypothetical that information would not be able to stand we would not be able to prosecute a case under it and we would not be able to bring a superseding indictment afterwards so you have to look at the content of whatever the government calls the information right yes okay does the content involve looking at whether or not the defendant waived indictment that is an interesting question i don't believe so and here's why because i think if what we're looking for remember we're interpreting what is sort of institute and information means within the context of 3282a within the context of the statute of limitations and what 3282a simply says is that you have to institute the information it does not make any reference to defendant waives prosecution by indictment it does not say when the defendant waives prosecution by indictment and why i think this is important in the context of the statute of limitations is that we know congress knew how to do this between 1964 and 1988 and sections 3288 and section 3289 which are part of the same statutory scheme section 3282a congress said that that sort of grace period tolling period for refiling dismissed charges applied only to informations that were filed after only the information is filed within the limitations period after the defendant waived in open court his right to information or sorry his right to prosecution by indictment in 1988 congress deleted that language it never put it back and it's never put it in section 3282a so i think that is congress we can see that as congress telling us that the rule 7b waiver of prosecution by indictment is a fully separate moment than what tolls the statute limitations and i think that here's here's part of the practical problem under the government's theory you could file an information without a waiver of indictment a week before the statute of limitations expires not tell the defendant about it not seek to arrest a defendant on it and then wait years to indict that doesn't seem right jordan that would not be right but we have to remember the statute of limitations is one of a panoply of procedures that protects a defendant's right to timely notice and litigation were that situation to arrest the defendant's only protection is not dismissing the information under the statute of limitations the defendant also has a sixth amendment right to a speedy trial at that point the defendant could bring a claim for pre-indictment delay to have it dismissed the defendant could bring a claim for pre-trial delay there are sort of multiple protections not a statute of limitations defense no but and that's what the way congress has created this we sort of had these different pieces that work together that just seems totally wrong i i see your point i just think that is the way the plain language of section 3282a and section 3288 and 89 are written and as they're written we live in in today's day and age we live in a world of doctrine and we can't always go back to first principles because of land you know terrain that the supreme court has gone through so tell me about joven and why the supreme court's gloss on the word instituted albeit in a different statute doesn't have a lot of relevance here absolutely your honor i'm happy to distinguish uh the statute in jay been held up for a narrow you can't you can't just distinguish it the way the district court did right by saying it's a different statute no no no i i have i can give you a reason um so here's what jayvin stated was for this narrow class of tax related offenses i think it's important to look at the text of that particular statute of limitations which added a nine-month limitation period when a complaint is instituted before a commissioner of the united states and that clause instituted before a commissioner of the united states is very important because that's additional statutory language that's not in section 3282a and the supreme court's decision in jayvin really turned on that additional clause it held that because the statute says had that phrase before a commissioner of the united states it mandated the complaint meet the requirements of rule four because if it didn't it was effectively removing the role of the commissioner which would be the effect of sort of deleting the statutory text but that holding does not mean instituted in section 3282a requires compliance with rule 7 and here's why for 3282a to be similar to the statute in jayvin it would have needed to include a clause something like before commission in the united states in this case that clause would be to say after the defendant waives an open court prosecution by indictment but 3282a didn't say that and as i mentioned before congress knew how to include that exact phrase it did it in section 3288 and 89 between 1964 and 1988 and then it deleted it and it has never added it to section 3282a too i think that's why this is different than the case in jayvin because it does not have any language in 3282a implicitly incorporating rule 7b or any of its requirements jobin has this language the better view of the statute in that case is that the complaint to initiate the time extension must be adequate to begin effectively the criminal process prescribed by the federal criminal rules how do we parse that language and apply it here if we get to the merits i think how we can parse that language and apply it here is thinking about what jayvin was talking about was effectively beginning the process and filing an information does just that what is filing the filing of a complaint in that case in and of itself was not enough correct but here we have filing of information is going to give the district court subject matter jurisdiction it allows it under rule 9 to begin certain procedures and you can begin case management procedures none of which turns on the existence of the rule 7b waiver of right to prosecution by indictment certainly under rule 7b we cannot take the case all the way to accepting a plea adjudication further along but the case can begin and commence without this rule 7b waiver and it sort of makes sense because under rule 7b what has to happen the district court needs to read the information in over an open court to the defendant and accept his waiver of right to prosecution by indictment which can only occur once the district court has subject matter jurisdiction over the case which but nothing happens when you file the information without a waiver it gives the court it's not self-executing it doesn't do anything and if there is no waiver of indictment it just languishes there and stays right i mean unless the defendant chooses to move to dismiss the information for lack of it because he's going to assert his right what if you don't know what if you don't arrest him on the on a warrant i mean at that point i think we sort of fall back into this idea of in this worst case scenario which we did not have in this case again an fbi agent hand delivered this information to mr sample the pope within the limitations period on the charge to which he pled guilty if you sort of have that worst case scenario that is when that panoply of procedures comes in and the relief is under the sixth amendment and the defendant can move to why would a defendant move to dismiss a charge on which he has not been arrested and which the government is happy to leave dormant you're correct you're at that point if there's no notice i can see your point there's no way to do that and again i just have to sort of return to the fact oh no but that's not the notice right okay assuming jordan's asking why would a defendant i got the letter right agent gave it to me why would i move to dismiss the information if you haven't arrested me on the wall on a warrant and you're not taking any steps against me why am i doing nothing as a matter of fact i'll probably wait at least a little while to see if the government proceeds any further or not and the government can choose to just wait oh yeah and have that information hanging over the defendant's head i i see your point your honor um and the one thing i will sort of flip the reverse side of that hypothetical to what judge lagoa was saying was this idea of okay i get this information i decide to do nothing i'm just gonna wait this is then the flip of finding that filing and information does not hold a statute of limitation and it turned instead turns on the defendant's conduct deciding to enter his waiver to write to prosecution by indictment is you could have a defendant who just waits and then statute of limitations runs and then the day after the statute of limitations runs he says oh actually you know what i still haven't decided or i'm not going to enter my waiver to write by prosecution by indictment now the charges are untimely and you need to dismiss them let me ask the question in a slightly different way and really what you're asked is what meaning if anything does the filing of an information for statute of limitations purposes have without the waiver let me ask it slightly differently suppose we're talking about an indictment an indictment would toll of course the statute but suppose the indictment itself is defective grand jury is made up of 23 people at least 12 have to agree to indict suppose an indictment is handed up signed by the foreperson of the grand jury signed by the u.s attorney returned to a judicial officer but it was only concurred in by 11 grand jurors let's just assume unambiguously there were only 11 of 23 would that indictment toll the statute of limitations when on its face it violates the requirement that a grand jury be filed with the assent of at least 12 of the 23 members of the grand jury yes your honor i believe under this court's law it would and this is exactly that's 3288 and 3289 exist in that case the indictment would be dismissed the government would have six months within six months would need to refile the charges and bring a new indictment and again this is partially also because in cases like mackintosh this court has held that this court's subject matter jurisdiction does not turn on the real effectiveness of the charging document i'm not asking about the power of the court to adjudicate a claim that is to say it's subject matter jurisdiction i'm asking whether a the indictment itself told anything if on its face it was defective because only 11 had signed it yes your honor it would toll the statute of limitation and you have a case on point that stands for that proposition what would be the closest analog that you have suggesting that that instrument would toll the statute of limitations of course upon dismissal you've got six months that's easy i'm not asking about the prospective impact of six months i'm asking about the effect itself of a facially defective indictment being handed up does that toll the statute i believe if we look at and again i know it's sort of we're working with the plain language of these two statutes of limitation in conjunction 3282a and 3288 i believe under the plain language of sections 3288 and 89 it would because it says that an indictment dismissed for any reason as long as it was timely filed that would not bar re-prosecution can be refiled within those six months and i do not believe that having an indictment defect as you described is within that narrow class of defects that would bar re-prosecution let me ask you a final question going back to where we began where judge lagoa began with questions that were being asked about waiver in in this case what do we do make of the colloquy between uh the defendant and the government and the court when uh the discussion came up about the case winding its way through the uh the 11th circuit and there comes a point where uh the questions asked what what effect would that have depending on how that case would ultimately be decided uh and the prosecutor says i think we would prop what we would probably do is allow him to withdraw his guilty plea and then we would have to dismiss the charges because the statute of limitations had run and he'd file a motion to dismiss based on the statute the court that makes sense to me does that make sense to you defense counsel yes your honor thank you very much the that work for you yes it does your honor thank you um and your honor the court and the government says and your honor it may get to the point that we hear that the 11th circuit is deciding sooner rather than later we may ask for a brief extension that's no problem okay thank you your honor as it turned out the circuit never answered that question but what do we make of this colloquy was anything being promised i think well the colloquy to be perfectly frank was a bit muddy to judge lagoa's point about whether or not this plea was knowing and volunteer i think nothing was being promised again no one was talking about him being able to take an appeal in this case there's no mention that his guilty plea in any way had any conditions there's no mention that he has reserved a non-jurisdictional challenge to his conviction on appeal um right and so that's i think this court has read rule 11a2 narrow and it is narrow you know it sort of has these three requirements that have to occur before a guilty plea is accepted by the district court that didn't happen here we do have this conversation afterwards does that go to whether or not this was a knowing and voluntary plea perhaps but again this is an argument that mr sanfalico has never made at any point in this case and a judge lagoa's point earlier he might not actually want to make because going back to square one he was charged in an indictment with eight different counts of a single count in exchange for that written unconditional plea agreement thank you all right all right thank you very much thank you your honors counsel could you help me with this question i have read and reread your blue brief yeah and reply brief and nowhere as best i can tell did you argue that the plea was not entered knowingly voluntarily and intentionally that's not an argument that i candidly read you to be making anywhere in the briefs although i heard you to be asserting it in response to a question judge lagoa asked you did you raise the question of whether the plea was entered knowingly involuntarily and intelligently anywhere in your pleadings in this court no it was not raised your honor why isn't that gone with the wind then well because first of all we were traveling under ochoa and pierre where there are exceptions where this court could see where the at least the letter and spirit of the law regarding the rule as well as the case law by the actions of the prosecutor that there's an exception here and that the parties were acting in good faith you know we don't trick defendants into taking pleas this is not what this court is about we don't you know fool people and say oh we got you you know that's not what this court is about that's not what the constitution is about clearly here we were all mistaken none of us had clairvoyance like i said well then let me ask the question in a slightly different way and pick up where miss mariani left off and ask you the question directly notwithstanding the fact you didn't raise the issue in your briefs if we were to address it and we were to say somehow that this plea had not been entered knowingly intelligently involuntarily direct the district court to vacate the plea you'd be back to square one you'd be facing eight counts uh and almost surely wound up going to trial on eight counts is that what you're seeking here that's what i would seek in here as an alternative definitely because i believe that based on the conversation that was had that we were all in error and that mr sanfilippo was not fully and competently advised regarding the possibility that bgg would not decide the issue of the statute of limitations and certainly i mean we were all wrong that's it's that simple we were all wrong under mistaken belief that that would happen now given the bgg is back and we get back in track with that case we could still enforce the original agreement which we had which is that when bgg is decided you but you can't enforce that's why i asked you specifically this question right obviously judge middlebrooks has entered an order dismissing the indictment in that case yes and it's based on the merits not as in the original order that was in the original appeal at this moment in time you still have that agreement in the record that says that when that appeal happens whatever this court does um you will live or die by whatever the decision is of the circuit court right but if we were now to vacate and remand back to the district court judge and the government then reinstates all counts that deal is off the table well it can be reworked if in other words i believe it could be but i'm not sure that the government would be so generous to rework that agreement but the point i'm asking is is that what you really want because that appeal is going to happen now that is a risk i'm willing to take yes okay which means that at the end of the day just so that everybody's clear about what the potential consequences are if the government is not willing to strike any sort of a deal on remand the only way that you'd be able to take up is by trial essentially yeah you'd have to go to trial on whatever charges the government was willing to go forward on and that may very well be sure but i i but at the same time if bgg is resolved against them they won't be trying it because they know and as he said it's an issue of fundamental fairness that's what mr barfield says and he recognizes it they're not going to treat mr san felipe differently because he has an italian last name i mean what would be the reason basically look we're not going to proceed because the issue was decided in your favor and i'm willing to take that risk absolutely let me ask you a question this way what was the nature of the promise you believe the government made to you in that colloquy between the defendant the defense council the court uh and uh the prosecutor the promises were the discussion was simply that look mr barfield we discussed the plea and the possibility of pleading i said as long as i don't waive um his rights under the statute of limitations issue here and the fifth amendment indictment and then um he said okay fine look we can do a regular plea and then we'll put it on the record that you're not waiving and that we're relying on the reason the reason i raise it is when i read the exact language the government used yeah to the extent there was a promise it was surprisingly limited in its scope and i want to read it to you the government there was a motion to dismiss that was filed on statute of limitations grounds that as you know is winding its way through the 11th circuit right here's the kicker then it says if it turns out that we were in error by filing in an information within the statute of limitations and that's not appropriate we'll come before the that point just as a matter of fundamental fairness i think what we would probably do is allow him to withdraw his uh his plea of guilty again if the court in that case were to rule on the merits in a certain way but the court never ruled at all on the merits in that case the court decided the matter on other grounds so even if we were literally to say that this was a promise that had converted an unconditional plea into a conditional one under these circumstances at most the government just agreed that if the bgg case was to decide the statute of limitations in favor of the position of your defendant the government would allow the defendant to withdraw the plea or at least not oppose it so was there a promise that was broken here um definitely because bgg is still pending so it could work out that way in other words well it hasn't been broken yet because if bggs decided uh in my favor and they don't do it then it would be a broken promise definitely and in fact even the court acknowledges this and says you know what i agree with that you know judge altman agreed with that as well and and agreed with the procedure and we all believed that bgg would be resolved even before we went to sentencing and then we and then if you look at the history of all the motions that were filed here that are part of the exhibits we kept continuing the filing of the brief in this case on agreement of the parties the government agreed with me to just hold this appeal until that case was decided and it took almost a whole a whole year so everybody was on the same page your honor there was no you know nothing here that these representations were very specific what was made and what i believed was was proper and what more importantly are you suggesting all of this should be held in abeyance until and unless bgg rules in a certain way that's the other option that's the other and in fact webster is another case that's moving up the pipeline which would also similarly resolve it which i moved to by the way consolidate in this case but we never got a response on it it may have been rather late but the webster case is also another case that would be affected your client has not surrendered yet no you're on and it's been a specific deal as well which is not unfortunately on the record but it's been honored throughout mr barfield says listen your client doesn't have to surrender until this is this is resolved and that's because that purpose they don't want him to do any time until this is resolved so it's clear that this is the intent to render he has not he has not okay and he and and judge altman recognizes that and keeps moving the um the surrender date what is the surrender date now it's now in march march of 24 yes your honor but that could be moved again until the agreement is fulfilled or this case is decided depending on what this court decides obviously what is i i don't know if you maybe the government knows but what is the status of the bcg case i know that the is it on appeal yet um okay thank you i know the government indicated that they were going to appeal that's what they told mr marcus i spoke to him about it i said what is the likelihood that they will they were again obviously i don't speak for the government at all but that's what they represented that would be happening thank you counselor great thank you your honor thank you very much mr mariani thank you both very much